## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

BERGSMA PLUMBING, LLC,

        *Plaintiff,*

    *v.*

NSP PLUMBING LLC d/b/a NEED
SOME PLUMBING, JARED MCLEAN, and
NATHAN PAGGEOT,

        *Defendants.*

**Case No. _____**

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff, Bergsma Plumbing, LLC ("Bergsma"), by and through its undersigned counsel, as and for its Original Complaint against Defendants, NSP Plumbing, LLC d/b/a Need Some Plumbing ("NSP"), Jared McLean, and Nathan Paggeot, hereby alleges as follows:

### PARTIES

1. Bergsma is a Michigan limited liability company with its principal place of business in Kent County, Michigan.

2. On information and belief, Defendant NSP is a Michigan limited liability company with its principal place of business in Kent County, Michigan.

3.     On information and belief, Defendant McLean is an individual residing in Kent County, Michigan, who serves as Chief Development Officer of Defendant NSP.

4.     On information and belief, Defendant Paggeot is an individual residing in Kent County, Michigan, who serves as Chief Executive Officer of Defendant NSP.

**JURISDICTION**

5.     This Court has original subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §1338(a)-(b).

6.     This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.     This Court may exercise general personal jurisdiction over Defendants because they are located and at home in Michigan, including because Defendant NSP is organized and maintains a principal place of business in Michigan, and Defendants McLean and Paggeot reside in Michigan.

8.     This Court may also exercise specific personal jurisdiction over Defendants because the acts and events giving rise to this lawsuit were undertaken in Michigan, and because Defendants directly target consumers in Michigan, including by directing Defendants' sales and promotional activities toward Michigan residents and selling Defendants' services to Michigan residents, thereby committing

tortious acts in Michigan.  Such acts have also caused Bergsma substantial injury in Michigan.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

10. Bergsma is a plumbing services company providing residential and commercial plumbing services to customers in Kent County and the greater West Michigan area.

11. Bergsma's services include, but are not limited to, installation, repair, and maintenance of plumbing systems for homes and businesses throughout the Grand Rapids metropolitan area.

12. Bergsma was formed as a Michigan limited liability company on or about July 24, 2007.  Since on or about that date, Bergsma has continuously used the mark BERGSMA PLUMBING (the "BERGSMA PLUMBING Mark") in United States commerce in connection with plumbing or plumbing services.

13. Bergsma advertises its services offered in connection with the BERGSMA PLUMBING Mark via, among other channels of trade and marketing, its website available at https://bergsmaplumbing.com.

14. Through its continuous and longstanding use of the BERGSMA PLUMBING Mark since on or about July 24, 2007, Bergsma has established common law trademark rights in the BERGSMA PLUMBING Mark.

15. The BERGSMA PLUMBING Mark has become distinctive and is associated in the minds of consumers with Bergsma's plumbing services.

16.    Bergsma has developed substantial goodwill, brand recognition, and consumer trust in the BERGSMA PLUMBING Mark.

17.    Bergsma also owns U.S. Application Serial No. 99/707,152 for the BERGSMA PLUMBING Mark in connection with plumbing and plumbing services.

18.    On information and belief, NSP was formed as a Michigan limited liability company on or about April 19, 2022.

19.    On information and belief, on about that same date, Defendant NSP began operating under the "NSP Plumbing" and "Need Some Plumbing" names in the West Michigan plumbing services market, in direct competition with Bergsma.

20.    Bergsma's rights in the BERGSMA PLUMBING Mark predate any rights Defendant NSP may claim, establishing Bergsma's priority in the BERGSMA PLUMBING Mark.

21.    In and around late 2025, Bergsma discovered that Defendant NSP had, without authorization, begun using the BERGSMA PLUMBING Mark as the headline of online advertisements that in fact directed consumers to Defendant NSP's website at needsomeplumbing.com.

22.    An example of the infringing use of the BERGSMA PLUMBING Mark by Defendant NSP is depicted below:



23.     As depicted above, users searching for Bergsma's services were met with Defendant NSP's advertisement prominently featuring the BERGSMA PLUMBING Mark in large text, while the underlying URL directed consumers to Defendants' competing business.

24.     Defendant NSP's infringing use of the BERGSMA PLUMBING Mark was in connection with the same services offered under the BERGSMA PLUMBING Mark by Bergsma, namely, plumbing or plumbing services, and to the same class of consumers, such as, individual homeowners seeking plumbing services.

25.    Defendant NSP's use of the BERGSMA PLUMBING Mark in its advertising campaign was intentionally misleading and designed to confuse consumers, especially homeowners seeking plumbing services, who are often forced to make fast decisions when responding to plumbing emergencies.

26.    Defendant NSP'S unauthorized use of the BERGSMA PLUMBING Mark in their online advertising was designed to, and did, deceive consumers into believing that they were contacting Bergsma, when in fact they were being redirected to Defendant NSP's competing business

27.    Defendants' own trucks and physical business operations display the "NSP" branding, not "Bergsma Plumbing," demonstrating that Defendants' use of Bergsma's mark in Defendants' online advertising served no legitimate purpose other than to intercept and divert Bergsma's customers.

28.    Defendant NSP's infringing online advertising conduct was part of a broader pattern of deliberate targeting of Bergsma and its customer base.

29.    In the summer of 2025, Defendants engaged in an aggressive signage campaign, placing advertising signs in the immediate vicinity of Bergsma's business location and throughout Bergsma's neighborhood, thus demonstrating that Defendant NSP was aware of Bergsma at the time it commenced the infringing use of the BERGSMA PLUMBING Mark.

30.    This pattern of conduct, targeted signage followed by misappropriation of Bergsma's BERGSMA PLUMBING Mark in online advertising, is probative of

Defendants' willful intent and demonstrates that the infringement was calculated and intentional, not the product of inadvertence or mistake.

31.    Defendant NSP purposefully chose to use the BERGSMA PLUMBING Mark to identify Defendant NSP's business and designed its advertisement in a way to purposefully mislead and confuse customers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant NSP's business with, of, or by Bergsma.

32.    Defendant NSP's infringing use of the BERGSMA PLUMBING Mark has caused confusion among consumers regarding the source, sponsorship, or affiliation of Defendant NSP's services with those of Bergsma.

33.    Upon information and belief, Defendant NSP's misuse of the BERGSMA PLUMBING Mark has diverted sales away from Bergsma, resulting in financial damages as well as damage to the value and goodwill of Bergsma's BERGSMA PLUMBING Mark.

34.    On information and belief, Defendants McLean and Paggeot were personally involved with, directed, and were the moving, active, and conscious force behind the infringing use of the BERGSMA PLUMBING Mark by Defendant NSP, by virtue of their roles as Chief Development Officer and Chief Executive Officer, respectively, of Defendant NSP.

**COUNT I**
**UNFAIR COMPETITION - 15 U.S.C. § 1125**
**(All Defendants)**

35.     Bergsma incorporates by reference the allegations in paragraphs 1-34 as though fully set forth herein.

36.     Defendants' use of the BERGSMA PLUMBING Mark was deceptive and likely to, and did, cause mistake and confusion regarding whether Defendants' services originate from Bergsma, or are sponsored or endorsed, affiliated with, or approved of, by Bergsma.

37.     By their aforementioned acts, Defendants have infringed Bergsma's rights in the BERGSMA PLUMBING Mark in violation of 15 U.S.C. § 1125(a).

38.     Defendants utilized misleading advertising keywords and promoted ads, coupled with the use of the BERGSMA PLUMBING Mark in the heading of their advertisements, in an attempt to mislead and confuse customers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services.

39.     Upon information and belief, Defendants' conduct as alleged herein was willful and was intended to and did cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant NSP with Bergsma.

40.     Bergsma has suffered damages, including harm to its brand and goodwill, as well as diverted sales, as a result of Defendants' unlawful actions.

41.     This is an exceptional case under 15 U.S.C. § 1117.

42.     Bergsma is entitled to damages, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

**COUNT II**
**FALSE ADVERTISING - 15 U.S.C. § 1125**
**(All Defendants)**

43.     Bergsma incorporates by reference paragraphs 1-34 as though fully set forth herein.

44.     Defendants' use of the BERGSMA PLUMBING Mark described herein was false and misleading in violation of 15 U.S.C. § 1125(a).

45.     Through their use, advertising, and promotion of their services offered under the BERGSMA PLUMBING Mark, Defendants knowingly and willfully made materially false or misleading statements concerning the nature, characteristics, or qualities of Defendant NSP's services, including that such services originate from Bergsma, which statements influenced consumers' purchasing decisions and caused significant injury to Bergsma.

46.     Defendants have caused their false or misleading statements to enter interstate trade or commerce through sale of their services offered under the BERGSMA PLUMBING Mark.

47.     As a direct and proximate result of Defendants' false and deceptive campaign, Bergsma suffered significant monetary damages and discernible competitive injury by the direct diversion of sales from Bergsma to Defendant NSP.

48.     This is an exceptional case under 15 U.S.C. § 1117.

49.     Bergsma is entitled to monetary damages, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## COUNT III
## MICHIGAN CONSUMER PROTECTION ACT - MCL 445.903 *et seq.*
### (All Defendants)

50.     Bergsma incorporates by reference the allegations in paragraphs 1-34 as though fully set forth herein.

51.     Defendants' actions as described above constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce.

52.     Defendants' actions described above created a high probability of confusion as to the source, sponsorship, approval, or certification of the parties' respective services.

53.     Defendants' actions were likely to, and did, cause consumer confusion.

54.     Upon information and belief, Defendants have willfully engaged in deceptive practices in the conduct of trade or commerce, intending to unlawfully free ride on Bergsma's reputation.

55.     Bergsma has suffered damages, including harm to its brand and goodwill, as well as diverted sales, as a result of Defendants' unlawful actions.

56.     Bergsma is entitled to damages as a result of Defendants' conduct complained of herein.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**
**(All Defendants)**

57.     Bergsma incorporates by reference the allegations in paragraphs 1-34 as though fully set forth herein.

58.    Defendants' use of the BERGSMA PLUMBING Mark was deceptive and likely to, and did, cause mistake and confusion regarding whether Defendants' services originate from Bergsma, or are sponsored, or approved of, by Bergsma.

59.    By their aforementioned acts, Defendants have infringed Bergsma's rights in the BERGSMA PLUMBING Mark in violation of Michigan common law.

60.    Defendants utilized misleading advertising keywords and promoted ads, coupled with the use of the BERGSMA PLUMBING Mark in the heading of their advertisements, in an attempt to mislead and confuse customers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services.

61.    Upon information and belief, Defendants' conduct as alleged herein was willful and was intended to and did cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant NSP with Bergsma.

62.    Bergsma has suffered damages, including harm to its brand and goodwill, as well as diverted sales, as a result of Defendants' unlawful actions.

63.    Bergsma is entitled to damages as a result of Defendants' conduct complained of herein.

## PRAYER FOR RELIEF

WHEREFORE Bergsma prays for relief as follows:

1.    An order be entered declaring that Defendants:

    a. Infringed the BERGSMA PLUMBING Mark;

    b. Engaged in false designation of origin, false association, and unfair competition, in violation of 15 U.S.C. § 1125(a)(1)(A);

    c.  Engaged in false and misleading advertising and promotion, in violation of 15 U.S.C. § 1125(a)(1)(B);

    d.  Engaged in deceptive and unfair practices in violation of the statutory and common law of Michigan; and

    e.  That each of the above acts was willful and knowing;

2.  Defendant NSP, and its officers, agents, servants, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively, including Defendants McLean and Paggeot, be permanently enjoined from:

    a.  Using the BERGSMA PLUMBING Mark, and any trademarks confusingly similar to the BERGSMA PLUMBING Mark;

    b.  Using any trademark or trade dress owned by Bergsma, or any colorable imitation of such trademarks, in a manner that is likely to confuse, mislead, or deceive others into believing that Defendants or their goods or services emanate from, or are connected with, sponsored by, approved by, or affiliated with Bergsma;

    c.  Doing any other act or thing likely to confuse, mislead or deceive others into believing that Defendants, or the services sold, distributed, or emanating from Defendants, are connected with, sponsored by or approved by Bergsma; and

    d. Assisting, aiding, or abetting any other person or entity in engaging in any of the activities prohibited in paragraphs (a) through (c);

3. Defendants be required to:

    a. Account for and pay over to Bergsma all profits derived by Defendants, together with prejudgment interest, from the acts complained of herein in accordance with 15 U.S.C. §  1117(a), trebled in accordance with 15 U.S.C. § 1117(a);

    b. Pay to Bergsma the amount of actual damages suffered by Bergsma, together with prejudgment interest, as a result of Defendants' acts complained of herein in accordance with 15 U.S.C. § 1117(a), trebled in accordance with 15 U.S.C. § 1117(a);

    c. Pay to Bergsma the costs of this action, together with reasonable attorneys' fees, in accordance with 15 U.S.C. §  1117(a);

    d. Pay to Bergsma exemplary and/or punitive damages by reason of Defendants' acts complained of herein; and

4. Bergsma be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bergsma demands a trial by jury on all issues so triable.

Dated:  June 17, 2026

Respectfully Submitted,


 */s/ Michael James Harris*

Michael J. Harris
**Law Office of
Michael J. Harris**
43 W. 43rd  Street, Suite 148
New York, NY 10036-7424
Telephone: (203) 231-7490
Email: michael.j.harris56@gmail.com

Todd A. Stuart
Rawan Hider
**SBS Law PLC**
234 N. Division Avenue, Suite 400
Grand Rapids, MI 49503
Telephone: (616) 371-2761
Email: tstuart@sbslawplc.com
       rhider@sbslawplc.com

*Counsel for Plaintiff*

*Bergsma Plumbing, LLC*